UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA LIMCACO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE WYNN, an individual; MATTHEW MADDOX, an individual; KIMMARIE SINATRA, an individual; BARBARA BUCKLEY, an individual; WYNN RESORTS, LTD., a Nevada Corporation; ML STRATEGIES, LLC, a Delaware Limited Liability Company; DOES 1 through 50, inclusive, and ROE CORPORATIONS 1 through 50, inclusive,<br><br>　　　　　Defendants. | CV 20-11372-RSWL-MAAx<br><br>**ORDER re: Motion for a Finding of Good Cause to Stay Discovery** [110] |

　　Before the Court is a Motion for a Finding of Good Cause to Stay Discovery (the "Motion") [110] filed or joined [111, 113] by all defendants named in this

1

action.  Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion.

### I.  BACKGROUND

On December 16, 2020, Plaintiff Angelica Limcaco ("Plaintiff") initiated this civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action [1] against Defendants Steve Wynn ("Wynn"), Matthew Maddox ("Maddox"), Kimmarie Sinatra ("Sinatra"), and Wynn Resorts, Ltd. ("Wynn Resorts") (collectively, the "Wynn Defendants").  On March 15, 2021, Plaintiff filed her First Amended Complaint ("FAC") [50], adding a cause of action as well as Defendants Barbara Buckley ("Buckley") and ML Strategies, LLC ("ML Strategies") (collectively, together with the Wynn Defendants, "Defendants").

In brief, the FAC alleges that the Wynn Defendants made conditional payments to a public official, Defendant Buckley, in an effort to influence a decision in a case brought in the United States District Court for the District of Nevada, which arose out of Plaintiff's prior report of a rape allegation against Defendant Wynn.  See FAC ¶ 1, ECF No. 50.  The FAC further alleges that this conduct coincided with Defendants' efforts to save casino gaming licenses in Massachusetts that were at risk of being revoked after the Wall Street Journal published an article reporting numerous allegations of sexual misconduct by Defendant Wynn and publicly revealing the details of Plaintiff's

prior report. See id. ¶¶ 1, 9.  Plaintiff brings four causes of action in the FAC: (1) violation of RICO, 18 U.S.C. § 1962(c) (against all Defendants); (2) violation of RICO, 18 U.S.C. § 1962(c) (against Defendants Wynn, Maddox, Sinatra, Buckley, and ML Strategies); (3) conspiracy to violate RICO, 18 U.S.C. § 1962(d) (against all Defendants); and (4) independent action in equity to set aside and vacate judgment due to extrinsic fraud or mistake (against all Defendants).  See generally id.

    All Defendants filed motions to dismiss the FAC [57, 58, 61, 91, 108].  Defendants Wynn [59], Sinatra [61], and Buckley [91] also joined Defendants Wynn Resorts and Maddox's motion to dismiss [57].  Defendant ML Strategies filed a joinder [107] to all other Defendants' motions to dismiss.

    The parties held a Rule 26(f) conference on April 13, 2021.[1]  Joint Rule 26(f) Report 2:8-10, ECF No. 99. The parties subsequently filed their Joint Rule 26(f) Report [99] on April 27, 2021.

    On May 3, 2021, the Court granted [105] Defendants' Motion for a Finding of Good Cause to Continue Fed. R. Civ. P. 16(b) Scheduling Conference [69] and continued the Scheduling Conference to August 24, 2021.

    The Wynn Defendants filed the instant Motion [110] on May 24, 2021.  Defendants ML Strategies [111] and

---

[1] Counsel for Defendant Buckley, who had not yet appeared in this action, was not present at the Rule 26(f) conference on April 13, 2021.  Joint Rule 26(f) Report 2:10-12.

3

1 Buckley [113] each filed a joinder to the Motion.
2 Plaintiff opposed [116] on June 1, 2021, and Defendants
3 replied [118] on June 8, 2021.

## II. DISCUSSION

### A. Request for Judicial Notice

In support of the instant Motion and pending motions to dismiss, Plaintiff requests that the Court take judicial notice of a Department of Justice press release dated October 20, 2020. See generally Pl.'s Req. for Judicial Notice re Defs.' Mots. to Dismiss and Mot. to Stay Disc., ECF No. 117; Ex. A, ECF No. 117-1. Defendants did not file an opposition to the request. The document is a proper subject of judicial notice, as it was made publicly available by a government entity, and neither party contests the accuracy of the information contained therein. See Fed. R. Evid. 201(b) (allowing a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Taleff v. Sw. Airlines Co., 554 F. App'x 598, 599 n.1 (9th Cir. 2014) (taking judicial notice of a Department of Justice press release); Humana Inc. v. Mallinckrodt ARD LLC, No. CV 19-06926 DSF (MRW), 2020 WL 3041309, at *12 n.11 (C.D. Cal. Mar. 9, 2020) (same). The Court thus **GRANTS** Plaintiff's unopposed request for judicial notice.
///
///

**B.  Motion for a Finding of Good Cause to Stay Discovery**

Defendants request that discovery be stayed pending resolution of their motions to dismiss.  Defs.' Mot. for a Finding of Good Cause to Stay Disc. ("Mot.") 3:17-18, ECF No. 110.

District courts have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  A court may issue such an order staying discovery pending the outcome of a potentially dispositive motion.  See Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002).

As an initial matter, the parties dispute the proper legal standard for evaluating a motion to stay discovery.  Defendants assert that "the Ninth Circuit has not established a controlling standard for evaluating motions to stay discovery" and apply a two-part test in their argument.  Mot. 3:25-7:13.  Plaintiff, on the other hand, disagrees and contends that "[a] district court cannot stay discovery unless it is convinced that the Plaintiff is unable to state a claim for relief," citing Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).  Pl.'s Opp'n to Mot. to Stay Disc. ("Opp'n") 6:8-14, ECF No. 116.  But Wood does not support Plaintiff's position that a court must be

5

convinced that the plaintiff is unable to state a claim for relief in order to stay discovery. See id. Instead, the Ninth Circuit in Wood held that "[a] district court *may* . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." Wenger, 282 F.3d at 1077 (emphasis added) (quoting Wood, 644 F.2d at 801 (per curiam)). Wood articulates one circumstance in which it is appropriate to stay discovery, but it does not preclude a stay of discovery in other appropriate cases.

District courts in California often apply a two-part test, utilized by Defendants here, when deciding whether to stay discovery while a potentially dispositive motion is pending. See, e.g., Pac. Surf Designs, Inc. v. Whitewater W. Indus., Ltd., No. 20CV1464-BEN(BLM), 2021 WL 3080061, at *2 (S.D. Cal. July 21, 2021); Malley v. San Jose Midtown Dev. LLC, No. 5:20-CV-01925-EJD, 2020 WL 5877575, at *7 (N.D. Cal. Oct. 2, 2020); Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930, No. 8:19-CV-00927-JLS-JEM, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019); Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery."

Mlejnecky, 2011 WL 489743, at *6.  If both parts are met, "the court may issue a protective order."  Id.  But if either part is not met, discovery should proceed.  Id.

   Both parts are satisfied here.  First, without opining on the merits of the pending motions to dismiss, the Court finds that Defendants' motions to dismiss are potentially dispositive.  Defendants' motions advance arguments related to, among other things, Plaintiff's standing under RICO, the adequacy of Plaintiff's pleading, and personal jurisdiction.  See Jeter v. President of the U.S., 670 F. App'x 493, 494 (9th Cir. 2016) (holding that the district court did not abuse its discretion in staying discovery "because the pending motion to dismiss required resolution of jurisdictional issues"); Quezambra, 2019 WL 8108745, at *2 ("Defendants' motions to dismiss are potentially dispositive of the entire case as they raise arguments related to Article III standing, the adequacy of [Plaintiff]'s pleading, and [Plaintiff]'s ability to state a claim based on her allegations.").  Second, Defendants' motions to dismiss have been fully briefed and can be decided without additional discovery, as they assume the truth of the allegations in the FAC and do not raise any factual issues.  See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); Reveal Chat Holdco, LLC v.

7

1  Facebook, Inc., No. 20-CV-00363-BLF, 2020 WL 2843369, at
2  *3 (N.D. Cal. Apr. 10, 2020) (finding second prong
3  satisfied because the defendant's "motion to dismiss is
4  based solely on the allegations in the Complaint and
5  does not raise any factual issues").
6      Plaintiff does not address the two-part test in her
7  Opposition and instead relies on Wood v. McEwen, 644
8  F.2d 797 (9th Cir. 1981), in arguing that Defendants
9  cannot justify a stay of discovery because Plaintiff has
10 stated plausible claims for relief.  See Opp'n 6:15-8:6.
11 As discussed above, the Court does not agree with
12 Plaintiff's characterization of Wood and is thus
13 unconvinced.
14     Plaintiff's remaining objections are likewise
15 unavailing.
16     In urging the Court not to stay discovery,
17 Plaintiff leans heavily on three prior orders of this
18 Court setting or confirming the Scheduling Conference
19 date.  See Opp'n 2:3-10, 4:22-5:3, 10:4-11:6.  The Court
20 has, in Plaintiff's view, "repeatedly and unequivocally
21 ordered that discovery shall proceed and shall not be
22 curtailed in any manner whatsoever."  Id. at 2:3-5.
23 Plaintiff's interpretation of the Court's prior orders
24 is unpersuasive.[2]  Moreover, notwithstanding those prior

---

[2] The first order originally setting the Scheduling Conference was issued before the filing of Plaintiff's FAC as a matter of course, which shifted the timeline for motions to dismiss. See generally Minute Order, ECF No. 46. The second order confirming the Scheduling Conference and related dates is the Court's Order Granting Stipulation to Extend Time for

8

orders, the Court has discretion to stay discovery where appropriate.  See Fed. R. Civ. P. 26(c); Little, 863 F.2d at 685.

Plaintiff also argues that a stay of discovery will prejudice her because Defendants' strategy is to cause delay.  Opp'n 10:19-22.  The Court finds, however, that Plaintiff has not demonstrated prejudice.  An argument based on delay would apply in any case in which a stay of discovery is sought.  Plaintiff has not identified any specific prejudice to Plaintiff that would result from a temporary stay of discovery.  Moreover, any prejudice from a stay is minimal, given that this action is in its early stages and the Court has yet to issue a Scheduling Order.

Conversely, allowing discovery to continue before the pleadings are settled would be unduly burdensome and expensive. According to Plaintiff, "this [is] an expansive civil RICO case spanning multiple years, covering multiple jurisdictions and involving numerous parties."  Joint Rule 26(f) Report 20:3-8 (proposing a discovery cut-off date in September 2022 and anticipating good cause to extend that date).  Indeed,

---

Defendant ML Strategies to Respond to First Amended Complaint, which was based on a proposed order submitted by Plaintiff.  See generally Order Granting Stipulation to Extend Time for Def. ML Strategies to Respond to FAC, ECF No. 71.  The third order continued the Scheduling Conference to August 24, 2021, and the Court therein declined to consider any request to stay discovery absent a properly noticed and filed motion.  See Order re: Mot. for a Finding of Good Cause to Continue Fed. R. Civ. P. 16(b) Scheduling Conference 4:1-6, ECF No. 105.

```
 1  Plaintiff has already served expansive subpoenas on
 2  three nonparties.  See Mot. 2:12-27; Defs.' Reply in
 3  Supp. of Mot. for a Finding for Good Cause to Stay Disc.
 4  6:6-8, ECF No. 118.
 5       Plaintiff is correct that the mere filing of a
 6  motion to dismiss does not warrant an automatic stay of
 7  discovery.  See Opp'n 8:7-9:5.  In this case, however, a
 8  temporary stay of discovery is appropriate considering
 9  the arguments in Defendants' motions to dismiss and the
10  nature of Plaintiff's claims.  See In re HomeAdvisor,
11  Inc. Litig., No. 16-CV-01849-PAB-KLM, 2019 WL 12473434,
12  at *6 (D. Colo. Dec. 16, 2019) ("[C]ourts have observed
13  that RICO cases are complex cases likely to be more than
14  usually costly, and indicated that burdensome discovery
15  in RICO cases during the pendency of a motion to dismiss
16  may be inappropriate." (internal quotation marks and
17  citations omitted)); Guajardo v. Martinez, No. 2:14-CV-
18  450, 2015 WL 12831683, at *1-2 (S.D. Tex. Dec. 22, 2015)
19  (finding discovery stay warranted pending a ruling on a
20  motion to dismiss and stating that, "[b]ecause
21  Plaintiffs allege complex claims under civil RICO,
22  Defendants' concerns about the cost and inconvenience of
23  discovery are reasonable").  Further, staying discovery
24  pending resolution of Defendants' motions to dismiss
25  "will best accomplish the objectives of Rule 1, to
26  secure the just, speedy and inexpensive determination of
27  this action."  Tradebay, LLC v. eBay, Inc., 278 F.R.D.
28  597, 608 (D. Nev. 2011).  Accordingly, the Court finds
```

that there is good cause to stay discovery pending its ruling on Defendants' motions to dismiss.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion is **GRANTED**. Discovery is hereby **STAYED** until further order of the Court.

**IT IS SO ORDERED.**

DATED: August 12, 2021

/s/ Ronald S.W. Lew
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge